IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DAVID TOM | Case No. |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| 7TH ACE LLC D/B/A<br>American Claims Enterprises | |
| Defendant. | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff David Tom ("Mr.Tom"), pro se files this complaint against Defendant 7TH ACE LLC D/B/A American Claims Enterprises, as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

### I. INTRODUCTION

1. <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id.* at 649-50.

3. Plaintiff brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to his telephone number on the National Do Not Call Registry and failing to provide their do not call policy pursuant to TCPA regulation 47 C.F.R. § 64.1200(d).

## II.   PARTIES

4. Plaintiff Tom is an individual who resides in the Middle District of Florida.

Case 6:24-cv-00761-JSS-DCI   Document 8   Filed 05/22/24   Page 3 of 9 PageID 40

5. Defendant 7TH ACE LLC D/B/A American Claims Enterprises is a Florida LLC that offers asset recovery services via telephone by making calls to numbers on the National Do Not Call Registry. Its headquarters and principal place of business is in Tampa, Florida.

### III.   JURISDICTION AND VENUE

6. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

7. <u>Personal Jurisdiction</u>: The Court has specific personal jurisdiction over Defendants because they made calls within the Middle District of Florida to a recipient in the Middle District of Florida.

8. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—were orchestrated from this District.

### IV.   FACTS

**A.   The Enactment of the TCPA and its Regulations**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

3

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.    Unsolicited Telemarketing to Plaintiff**

14. Plaintiff Tom is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15. Defendant was and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(39).

16. At no point did Plaintiff consent to receiving telemarketing calls from the Defendant prior to receiving the calls at issue.

17. Plaintiff's residential landline telephone number is (321)-7XX-XXXX, is on the National Do Not Call Registry, and has been for more than a year prior to the calls at issue.

18. Plaintiff's residential cellular telephone number is (321)-9XX-XXXX, is on the National Do Not Call Registry, and has been for more than a year prior to the calls at issue.

19. Both Numbers are non-commercial telephone numbers that are primarily used for residential purposes.

4

20. Plaintiff Tom uses the Numbers for personal, residential, and household needs and reasons.

21. The Numbers are residential telephone lines because they are assigned to a telephone exchange service for consumers and are not assigned to a telephone exchange service for businesses.

22. Both Numbers have been on the National Do Not Call Registry since June of 2003, nearly 21 years as of this filing.

23. Plaintiff a call from Defendant offering their asset recovery services on commission in April of 2024.

24. During that call, Plaintiff recorded the caller for Defendant offering their services.

25. Plaintiff feigned interest to identify the legal entity of the caller and was emailed by the Defendant's principal, Alan Edwards with the name of his company and a proposal with their fee structure for the investigative and administrative services provided.

26. Plaintiff Tom never consented to receive calls from Defendant.

27. Plaintiff Tom never did business with the Defendant.

28. The call was unwanted.

29. The call was a nonconsensual encounter.

30. Plaintiff, then emailed Defendant notifying them of his do not call list registration and requested the relevant Do Not Call Policy required under law.

31. Defendant failed to provide to Plaintiff their Do Not Call Policy. When asked to resolve the claims of failure to provide a Do Not Call Policy and illegal telemarketing call – Defendant stated in an email April 19th 2024 – "Go ahead and file a case against me".

32. A copy of the email where Defendant states his request for litigation is incorporated herein as "**PLAINTIFFS EXHIBIT A**".

33. Plaintiff is more than happy to oblige Defendant for the request to file a federal case against them.

34. Defendant is liable for telemarketing calls by them to generate customers for Defendant.

35. Defendant was offered an opportunity to explain the illegal calls at issue and to provide a Do Not Call Policy as required by federal law.

36. Instead, Defendant doubled down and refused to respond to the request for a Do Not Call Policy and invited litigation upon themselves citing (paraphrased) that they were a small home-based business just trying to earn a living during these trying times.

37. Plaintiff's privacy has been violated by the above-described telemarketing call.

38. Plaintiff never provided his consent or requested the call.

39. Plaintiff was harmed by the acts of Defendant because Plaintiff's privacy has been violated, Plaintiff was annoyed and harassed. In addition, the call occupied Plaintiff's telephone line, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, engaging in the use of online dating apps, and performing other critical tasks.

40. This complaint seeks injunctive relief and monetary damages.

41. The are numerous questions of law and fact include, but are not limited to, the following:

(a) Whether the Defendant sent telemarketing calls to numbers on the National Do Not Call Registry;

(b)     whether Defendants made calls to Plaintiff without first obtaining prior express written consent to make the calls;

(c)     whether Defendant conduct constitutes a violation of the TCPA;

(d)     whether Plaintiff is entitled to treble damages based on the willfulness of Defendant conduct

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)

42.     Plaintiff incorporates the allegations in paragraphs 1-41 as if fully set forth herein.

43.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff despite his numbers being on the National Do Not Call Registry.

44.     Defendant's violations were negligent, willful, or knowing.

45.     As a result of Defendant's, and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff is presumptively entitled to an award of between $500 and $1,500 in damages for each call made and the same damages for failure to provide a valid Do Not Call Policy.

46.     Plaintiff is also entitled to and seeks injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. Prejudgment interest, and all costs associated with the prosecution of this claim.

D. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## V. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this May 15, 2024.

_____
David Tom
Plaintiff, Pro Se
1058 Herne Ave
Palm Bay, Florida 32907
321-725-9212
David.M.Tom@gmail.com

DAVID TOM
1058 HERNE AVE
PALM BAY, FL 32907

May 20, 2024

MDFL Clerk of Court

Subject: Tom v. 7th Ace, LLC (6:24-cv-00761)

Dear MDFL Clerk:

Please find the attached documents to be filed in the above captioned case.

Please file first, the numbered paragraph complaint and jury demand and then please file the notice of pendency of other actions, the disclosure statement and then Plaintiff's Ex Parte Motion for Alternative Service

Thank you,

David Tom