UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID TOM,**

      **Plaintiff,**

v.                                                  Case No: 6:24-cv-761-JSS-DCI

**7TH ACE, LLC,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Ex Parte Motion for Alternative Service of Process (Doc. 11)** |
| **FILED:** | May 22, 2024 |
| | **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. |

Plaintiff initiated this case by filing a Complaint against Defendant pursuant to 47 U.S.C. § 227—Restrictions of Use of Telephone Equipment. Doc. 1 (the Complaint). By Order dated May 6, 2024, the Court struck the Complaint for failure to comply with Federal Rule of Civil Procedure 10(b). Doc. 6. On May 22, 2024, Plaintiff filed an Amended Complaint. Doc. 8 (the Amended Complaint). On the same day, Plaintiff filed an Ex Parte Motion for Alternative Service of Process. Doc. 11 (the Motion). While the named Defendant is a limited liability company, Plaintiff claims that "Defendant is a home-based state licensed Private Investigator who failed to respond to Plaintiffs attempt to resolve this matter outside of the MDFL court system and stated

via email for Plaintiff to go ahead and sue him." *Id*. at 1. Plaintiff states that "[k]nowledge of potential pending litigation coupled with Defendant's background as a private investigator has proven to complicate a successful service of process." *Id*. at 2. Plaintiff contends that despite the process server's three attempts, Defendant has not been served. *Id*. Plaintiff states that he has exchanged dozens of emails with Defendant and "seeks this court's judicial approval to serve upon Defendant the summons and numbered complaint as filed via email to the address to which this dispute originated and was regularly used in communication–alan@americanclaims.us and to file with this court once completed the appropriate document noticing this court of the successful email of the summons and complaint." Doc. 11 at 1, 3.

The Motion is due to be denied for multiple reasons. As an initial matter, Plaintiff does not provide a sufficient legal basis for the requested relief. Plaintiff cites to one case within this Circuit to support the proposition that courts have approved service by email in the past. Doc. 11 at 2 (citing *Seaboard Marine Ltd., Inc. v. Magnum Freight Corp.*, 2017 WL 7796153 (S.D. Fla. Sept. 21, 2017)).[1] Not only is *Seaboard Marine* not binding, but it is also inapposite as it addressed a plaintiff's inability to serve a foreign corporation in a foreign country under Federal Rules of Civil Procedure 4(h)(2) and 4(f). Even if the Southern District's analysis has some application with respect to an attempt of service on a domestic LLC, Plaintiff's general citation to *Seaboard Marine* does not adequately demonstrate why alternative service is warranted under the applicable

---

[1] Plaintiff also provides a case number associated with a Minnesota case wherein a court granted a plaintiff's request to use an alternative service of process via email after a defendant intentionally concealed its whereabouts. Doc. 11 at 2 (citing *ECHO Health, Inc. v. Echo Payments*, case no. 0:23-cv-741 (D. Minn. May 25, 2003). While Plaintiff did not cite to a reporter, the Court was able to locate the case and order in PACER. Even so, a general reference to a Minnesota service case does not demonstrate that Plaintiff should be permitted to use alternative or substitute service under federal or Florida law.

law and circumstances in the instant case. Based on the foregoing, the Court finds that the Motion is due to be denied as insufficient.

In any event, the Court recognizes that the law does provide for various methods for substitute or alternative service for individuals and limited liability companies. *See* Fla. Stat. §§ 48.031, 48.062, 48.102, and 48.161. Plaintiff does not expressly state his reliance on section 48.102, but that appears to be the applicable statute based on the request for relief.[2] Federal Rule of Civil Procedure 4(e)(1) governs service on an individual within a judicial district of the United States, and provides that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); s*ee also* Fed. R. Civ. P. 4(h)(1)(A) (providing that a domestic or foreign business associations may be served in the manner prescribed by Rule 4(e)(1) for serving an individual). Section 48.102 provides:

> If, after due diligence, a party seeking to effectuate service is unable to effectuate personal service of process on a domestic or foreign corporation; a domestic or foreign general partnership, including a limited liability partnership; a domestic or foreign limited partnership, including a limited liability limited partnership; or a domestic or foreign limited liability company, the court, upon motion and a showing of such inability, may authorize service in any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit. Such other manners of service may include service electronically by e-mail or other technology by any person authorized to serve process in accordance with this chapter, or by an attorney. The court may authorize other methods of service consistent with the principles of due process. In suits involving a breach of contract, the court may consider authorizing the parties to effectuate service in the manner provided for in the contractual notice provision of the subject contract.

Fla. Stat. § 48.102.

---

[2] The Court notes that section 48.102 became effective on January 2, 2023; five years after *Seaboard Marine* was decided.

Here, Plaintiff has not shown that the Court should allow Plaintiff to avail himself of alternative means to serve the Amended Complaint and summons.  First, assuming arguendo that Plaintiff relies upon section 48.102, Plaintiff has failed to demonstrate that he was unable to effectuate service of process on Defendant.  Federal Rule of Civil Procedure 4(h) provides that service on a limited liability company may be perfected by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(h)(1)(B).  A limited liability company may also be served by following state law.  Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

Under Florida law, if the limited liability company cannot be served via its registered agent after a good faith attempt, process may be on:

> (a) Any manager of a manager-managed domestic limited liability company or registered foreign limited liability company.
>
> (b) Any member of a member-managed domestic limited liability company or registered foreign limited liability company.
>
> (c) Any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended.

Fla. Stat. § 48.062(3)(a)-(c).

In the Motion, Plaintiff does not specify whom he tried to serve and in what capacity.  *See* Doc. 11.  Plaintiff has attached a purported email from a process server regarding efforts to serve an "Alan Edwards" (Doc. 11-2), but Plaintiff does not identify this individual's relationship to Defendant, nor does he explain why service on "Alan Edwards" is adequate under applicable law.  Plaintiff simply asserts that "Defendant is a single LLC with one employee, so service upon another person affiliated with the organization at a different location is not possible[.]"  Doc. 11 at 2.  There is, however, no analysis or proof to support this statement.  In other words, Plaintiff has

provided nothing to demonstrate that he could not effectuate service of process under section 48.012 or any other law permitting alternative service.

Second, even if Plaintiff properly established that Alan Edwards was the person to be served on behalf of Defendant, Plaintiff has not shown that he used "due diligence" to effect service as section 48.102 requires. Plaintiff states that there were three unsuccessful attempts to serve Defendant. Doc. 11 at 2. As proof, Plaintiff points to the same purported email from a process server describing the three unsuccessful attempts. *Id.* (citing Doc. 11-2).

Yet, the Court finds that the email proves nothing.[3] There is no return of unexecuted service filed in this case nor is there an affidavit from the process server. Plaintiff's copy of a purported email is not sufficient proof. And, assuming the email is from the process server, there is nothing attached to the email to show what exactly the server was attempting to serve. The email merely reflects that there were three attempts of service. Put simply, there is no way for the Court to confirm that service of process of the complaint and summons *for this case* were the subject of the email.

Finally, assuming Plaintiff relies on section 48.102—Plaintiff states that he has established the emails to be a "reliable source of communication"—the Court is not convinced that the use of the email "will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit" as the law requires. The unsupported statement that Plaintiff emailed with Defendant dozens of times at a certain email address with nothing more does not

---

[3] Because Plaintiff provides no sufficient basis for relief, absent from the Motion is any discussion or citation to authority that would help the Court determine if three attempts at service amounts to "due diligence" under the law. Again, the Motion is deficient in that regard.

prove that the email would be an effective means.[4]  It is Plaintiff's burden to demonstrate that alternative or substitute service is appropriate, and he has not met it.  *See Buzzi v. Ronned DA Silva*, 2021 U.S. Dist. LEXIS 265483, at *7-8 (M.D. Fla. Sept. 17, 2021) (finding that the plaintiffs did not meet their burden for alternative service).

In sum, Plaintiff is not entitled to relief because he has provided no legal basis for permission to serve via alternative service.  To the extent Plaintiff seeks to rely on email service pursuant to section 48.102, Plaintiff has not demonstrated that the service attempt was adequate under the law, that he exercised due diligence in effecting service, or that use of the email address is an adequate method to reasonably effect service.  Overall, the Court is not satisfied that Defendant's right to due process will be protected if the Court allows service through email at this juncture.

The Court notes that Plaintiff states that, alternatively, he is "amenable to hiring Plaintiff's Process Server to re-attempt service again at most—three times, and upon repeated unsuccessful service of summons and complaint, Plaintiff seeks judicial approval to serve upon Defendant the summons and numbered complaint as filed via email to the address to which this dispute originated and was regularly used in communication. . . and to file with this court once completed the appropriate document noticing this court of the successful email of the summons and complaint."  Doc. 11 at 3.  To the extent Plaintiff is seeking confirmation that three additional attempts will be adequate, the request is premature as the Court will not rule now that Plaintiff's future attempts at

---

[4] In fact, Plaintiff's case *Seaboard Marine* is instructive on this point.  The court specified that there are due process requirements with respect to authorizing service via email under Rule 4(f)(3).  2017 U.S. Dist. LEXIS 231098, at *4.  In its discussion, the Southern District relied on cases that authorized service after the email addresses were confirmed and only approved alternative service after the plaintiff provided documentation to the court showing that there were multiple communications via email at the specified address.  *Id*. at *5.

service and whatever proof may be filed at a later date will be adequate to demonstrate entitlement to alternative service.

Accordingly, it is **ORDERED** that Plaintiff's Motion (Doc. 11) is **DENIED without prejudice**.  Plaintiff is reminded of the 90-day service requirement pursuant to Federal Rule of Civil Procedure 4(m).  The failure to serve Defendant within the allotted time may result in the dismissal of this case without further notice.

**ORDERED** in Orlando, Florida on July 8, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties