UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID TOM,**

        **Plaintiff,**

v.                                                  Case No: 6:24-cv-761-JSS-DCI

**7TH ACE, LLC,**

        **Defendant.**

___

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion for Default Judgment (Doc. 16)** |
| **FILED:** | **September 28, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff initiated this case by filing a Complaint against Defendant, a limited liability company, pursuant to 47 U.S.C. § 227—Restrictions of Use of Telephone Equipment. Doc. 1 (the Complaint). By Order dated May 6, 2024, the Court struck the Complaint for failure to comply with Federal Rule of Civil Procedure 10(b). Doc. 6. On May 22, 2024, Plaintiff filed an Amended Complaint. Doc. 8 (the Amended Complaint). On the same day, Plaintiff filed an Ex Parte Motion for Alternative Service of Process. Doc. 11 (the Ex Parte Motion). Plaintiff contended that despite three attempts, Plaintiff could not serve Defendant and, therefore, sought judicial approval to serve Defendant via email. *Id*. By Order dated July 8, 2024, the Court denied that request because

Plaintiff failed to demonstrate that he could not effectuate service of process on Defendant, nor did he provide a legal basis for permission to serve via alternative service. Doc. 12.[1]

On July 26, 2024, the Court directed Plaintiff to show cause why the case should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m). Doc. 13. Plaintiff subsequently filed a "Plaintiff's Notice of Service," a "Return of Service," a summons, and an invoice reflecting a service fee. Doc. 14. On September 17, 2024, the Court directed Plaintiff to show cause why the case should not be dismissed for failure to prosecute because Plaintiff did not timely apply for entry of default pursuant to Federal Rule of Civil Procedure 55(a). Doc. 15.

Pending before the Court is Plaintiff's Motion for Default Judgment filed pursuant to Rule 55(b)(2). Doc. 16 (the Motion). Plaintiff's Motion is due to be denied. To the extent Plaintiff seeks an entry of default judgment pursuant to Rule 55(b)(2), the request is premature as the Clerk has not yet entered default. *See Persaud v. Md. Audio Eng'g Inc.*, 2023 WL 5916603, at *1 (M.D. Fla. Aug. 10, 2023) ("[T]o the extent that Plaintiff seeks 'judgment' by default, a request for default judgment is premature as Plaintiff has not obtained a Clerk's judgment against Defendant.") (citing *AWGI, LLC v. Team Smart Move, LLC*, 2012 WL 12904224, at *1 (M.D. Fla. Sept. 28, 2012), *report and recommendation adopted by*, 2012 WL 122904225 (M.D. Fla. Oct. 4, 2012) ("[T]he clerk's entry of default must precede an application for default judgment.").

Further, to the extent the Court can construe the Motion as a request for a Clerk's entry of Default under Rule 55(a), Plaintiff is still not entitled to relief. Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

---

[1] The Court reminded Plaintiff of the 90-day service of process requirement under Federal Rule of Civil Procedure 4(m) and warned Plaintiff that the failure to serve Defendant within the allotted time may result in the dismissal of this case without further notice. *Id*.

Prior to directing the Clerk to enter a default, however, the court must first determine whether a plaintiff properly effected service of process. *United States v. Donald*, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (denying motion for entry of clerk's default because service did not appear to meet any approved method and the plaintiff failed to point to the law approving the procedure).

Here, the return of service reflects that the process server served Plaintiff "c/o Secretary of State" in Tallahassee, Florida. Doc. 14 at 2.[2] In a conclusory manner, Plaintiff states that he properly served Defendant pursuant to Rule 4(h) because "[a]fter three previous attempts and evidence of evasion, Plaintiff's process server served the complaint, summons and other initiating papers on the Florida Secretary of State on July 23rd 2024." Doc. 16 at 5.[3]

But Plaintiff has provided nothing to the Court regarding the nature of the service attempts or any evidence of evasion. Rule 4(h) governs the service of process on United States corporations, partnerships, and unincorporated associations, and that rule applies to LLCs. *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying rule 4(h) to an LLC). The rule provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment

---

[2] The Florida Division of Corporations website reflects that Defendant's Registered Agent is located at 5669 Del Prado Drive, Unit 202, Tampa, Florida 33617. www.sunbiz.org.

[3] To the extent Plaintiff's reference to "three attempts" and "evidence of evasion" relates to documents filed with Plaintiff's Ex Parte Motion, the Court will not revisit previous filings to find support for the Motion. *See Fennell v. Navient Sols., LLC*, 2019 WL 4671163, at *2 (M.D. Fla. Apr. 1, 2019) ("The Court will not refer back to previous filings to comprehend Plaintiff's position. This type of reference violates Local Rule 3.01(a)."). But even if the Court did refer back, the Court denied the Ex Parte Motion, in part, because Plaintiff did not provide sufficient proof of the attempted service or due diligence under the law. Doc. 12 at 5. To the extent Plaintiff relies again on the same documents, that "proof" remains inadequate especially absent any analysis regarding service.

or by law to receive service of process." Fed.R.Civ.P. 4(h)(1)(B). An LLC may also be served by following the law of the state in which the district court is located or in which service is made. Fed.R.Civ.P. 4(h)(1)(A), 4(e)(1). Florida Statutes section 48.062 generally governs service on LLCs in Florida and sets forth a hierarchy of persons who may accept service on an LLC's behalf. If, after due diligence, a plaintiff cannot complete service on the registered agent or one of the listed persons, a plaintiff is permitted to provide alternative service on the Secretary of State as an agent of the domestic LLC as set forth in Florida Statutes section 48.161. Fla. Stat. § 48.062(4).

Since Plaintiff has not shown that he has met the conditions required to complete service of process on the Secretary of State pursuant to sections 48.062 and 48.161, the Motion is denied without prejudice. *See United Specialty Ins. Co. v. S. Home Source LLC*, 2023 WL 10699845, at *1 (M.D. Fla. Sept. 28, 2023) (denying a motion for clerk's entry of default because it was unclear if the plaintiff met the requirements under section 48.161 to serve the Secretary of State) (citing *BoatFloat, LLC v. Cent.Transp. Int'l, Inc.*, 941 So.2d 1271, 1273 (Fla. 4th DCA 2006) ("[S]trict compliance with service of process procedures is required.")).

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 16) is **DENIED without prejudice**; and
2. **on or before October 21, 2024**, Plaintiff shall show cause why the case should not be dismissed for failure to comply with Rule 4(m) **and** failure to file an adequate motion for default pursuant to Rule 55(a) as the Court directed. Docs. 13, 15. **Failure to comply with this Order may result in dismissal of this case without further notice.**

**ORDERED** in Orlando, Florida on October 7, 2024.

Copies furnished to:
Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE